### C., H. V. & Toledo Ry. Co. v. John Burns.

INJURY TO RAILROAD EMPLOYEE.

Plaintiff was employed upon railroad tracks in almost constant use for the passage of engines and cars, to his knowledge; he did not look up after going to work, but relied upon being warned in time: *Held*, where it was shown that the engine which ran over him, was backing up and ringing the bell, that verdict in favor of plaintiff was unwarranted.

ERROR to the Court of Common Pleas of Lucas county.

HAYNES, J.

The plaintiff below recovered a judgment against the plaintiff in error for damages from being run over by an engine of said railway company in the yards used by that company and the Pennsylvania company in Toledo, November 10, 1891, and while Burns was a day laborer for the Pennsylvania company, cleaning dirt from a wagon-crossing over its tracks near its freight depot.

The evidence showed, without contradiction, that his work was upon tracks in almost constant use for the passage of engines and cars, to his knowledge, and that he did not look up after he started to work for the purpose of seeing whether any engine or cars were coming, but relied wholly on being warned in time by the bell of an engine which might approach, though nothing obstructed his view of the tracks for over 300 feet; that an engine, whose bell was ringing, approached him while the engineer was looking at the bridge to see if any train or engine was coming; and not seeing Burns, ran over his arm, and injured it so as to require amputation a short distance below the shoulder. It was shown that the engine was backing at the time, and that its tender concealed the track from the engineer for from 50 to 75 feet, and it did not appear from the evidence how far the engine was from Burns when he stepped between the particular tracks whereon the engine came; the negligence charged in the petition was that the engine was moving without giving any warning by bell or otherwise, and that the engineer was not on his engine, having left it in charge of an incompetent fireman. The proof that the bell was ringing was overwhelming, and no proof whatever tended to show that the engine was not being run by the engineer himself.

*Held:* That the verdict was not warranted by the evidence.

Judgment reversed.

*Doyle, Scott & Lewis*, for plaintiff in error.

*Hamilton & Ford*, for defendant in error.